# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN STEPHENS, | CIVIL NO. 4:25-cv-02356 |
| Plaintiff, | |
| v. | (Magistrate Judge Latella) |
| PRESIDENT DONALD TRUMP, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

On December 9, 2025, the Plaintiff, Glenn Stephens, filed an absurd *pro se* Complaint requesting this Court issue a writ of mandamus directing the President of the United States to conduct drone or missile attacks on the District Attorney of Lycoming County and a former Inspector General of the Department of Defense. (Doc. 1). He filed an application to proceed *in forma pauperis* (IFP) along with the Complaint. (Doc. 3). The Motion to proceed without payment of fees was granted by Order of even date with this Report and Recommendation.

Because this Court is without jurisdiction to entertain this matter, it will be recommended that it be dismissed on preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

I.    Background

    The Complaint, set forth in narrative form, begins with reference to Plaintiff's law school legal writing course and mention of his various professors. (Doc. 1-1, p.1). Plaintiff then describes the President's foreign policy authority and discretion to act against narco-terrorists. (*Id.* at p. 2). A section titled "Applicable Law" contains a discussion of the Federal Torts Claims Act and writs of mandamus. (*Id.* at pp. 2–4). An "Analysis" follows where Plaintiff makes rambling and unsupported allegations against the District Attorney of Lycoming County and a former Inspector General of the Department of Defense. The substance of the allegations, that these individuals are narco-terrorists and antisemitic, does not bear reiteration in detail. What bears mention is that the Complaint is completely devoid of any allegations that Plaintiff suffered any cognizable harm. He requests that the Court issue a writ of mandamus to the President directing drone and/or missile attacks on these individuals.

## II. Discussion

### A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of the Complaint. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring *sua sponte* dismissal of actions which are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief.").

In considering whether a complaint states a claim upon which relief can be granted, the Court employs the same standard applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tourscher v. McCollough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Id.* If the case fails to state a claim, the screening may result in dismissal.

## B. Jurisdiction

This Court is without jurisdiction to hear this fanciful matter for a number of reasons. The Complaint should be dismissed, without prejudice, for want of subject matter jurisdiction.[1]

First, this Plaintiff has no standing. Article III, section 2 of the Constitution specifies that "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and . . . to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State." U.S. Const. art. III, § 2. "And '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016)

---

[1] "[W]hen a district court dismisses claims for lack of subject matter jurisdiction, the dismissal should be without prejudice." *Mohn v. United States*, No. 23-1023, 2023 WL 4311609, at *2 (3d Cir. July 3, 2023) (citing *N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011)).

(quoting *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Id.* at 338. The Supreme Court explained that the standing doctrine developed "to ensure that federal courts do not exceed their authority as it has been traditionally understood ... The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* Importantly, the High Court noted, "the law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches … and confines the federal courts to a properly judicial role." *Id.* (cleaned up).

"[T]he irreducible constitutional minimum of standing contains three elements: injury in fact, causation, and redressability…The first requirement, injury in fact, requires the plaintiff to demonstrate an injury that is concrete, particularized, and actual or imminent, not speculative." *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 111, 145 S. Ct. 2121, 2133 (2025) (cleaned up). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way…Particularization is necessary to establish injury in

fact, but it is not sufficient. An injury in fact must also be concrete…A concrete injury must be *de facto*; that is, it must actually exist." *1789 Found., Inc. v. Schmidt*, 781 F. Supp. 3d 282, 310 (M.D. Pa. 2025) (quoting *Spokeo*, 578 U.S. at 339, 136 S.Ct. 1540).

Here, Plaintiff's Complaint fails to allege "an injury that is concrete, particularized, and actual or imminent, not speculative." *Diamond Alternative Energy, LLC*, 606 U.S. at 111. Indeed, no remediable injury to the Plaintiff is alleged or could be liberally construed from a reading of Plaintiff's narrative. Plaintiff has not alleged any set of facts that could confer standing in the matter. Because an actual case or controversy is not presented here, subject matter jurisdiction does not exist.

In addition to a lack of standing, an actual case or controversy is not presented here under the substantiality doctrine because the claims in the Complaint are wholly insubstantial and patently frivolous. *Germany v. Power 105.1 Radio*, 790 F. App'x 442, 443 (3d Cir. 2019) ("A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. of Civ. P. 12(b)(1) when the

allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, (1974))). *See also Clay v. Department of Defense.*, No. CV 25-3726, 2025 WL 3282744, at *1 (D.D.C. Nov. 24, 2025) (dismissing *pro se* complaint in screening for lack of jurisdiction based on sustainability doctrine); *James v. Trump*, No. CV 25-01789, 2025 WL 1726031, at *1 (D.D.C. June 20, 2025), *aff'd*, No. 25-5237, 2025 WL 3076752 (D.C. Cir. Nov. 3, 2025) (same).

### III. Leave to Amend

The Third Circuit has voiced a strong preference for allowing the filing of an amended complaint in cases where the original complaint is subject to dismissal. In *Montanez v. Price*, 154 F.4th 127, 153 (3d Cir. 2025), the Court instructed:

> Federal Rule of Civil Procedure 15(a)(2) directs courts to grant motions for leave to amend "when justice so requires." So leave to amend should be liberally given unless amendment would be inequitable or futile. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Phillips*, 515 F.3d at 245. And because courts have a special obligation to be "more forgiving of *pro se* litigants," *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), this Circuit has a "longstanding policy of allowing *pro*

7

*se* plaintiffs to amend their complaints before the court rules upon defendants' motions to dismiss," *Roman v. Jeffes*, 904 F.2d 192, 196 n.8 (3d Cir. 1990) (collecting cases).

Leave to amend in this case would undoubtedly be futile. There are no set of facts that could potentially support Plaintiff's request for an order directing the President of the United States to order a drone or missile attack on the individuals named in the Complaint, or of anyone else. Accordingly, leave to amend should not be granted.

## IV. Recommendation

For the foregoing reasons, it is respectfully recommended that this case be dismissed, without prejudice, for want of subject matter jurisdiction.

Dated: December 30, 2025         **/s/ Leo A. Latella**
                                 Leo A. Latella
                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN STEPHENS, | CIVIL NO. 4:25-cv-02356 |
| Plaintiff, | |
| v. | (Magistrate Judge Latella) |
| PRESIDENT DONALD TRUMP, | |
| Defendant. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 30, 2025**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is

made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 30, 2025          **/s/ Leo A. Latella**
                                  LEO A. LATELLA
                                  United States Magistrate Judge